

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

# FELONY

### INDICTMENT FOR UNLAWFUL RECEIPT OR POSSESSION OF FEDERAL CERTIFICATE, LICENSE, OR DOCUMENT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **21-0155** |
| v. | * | SECTION: **SECT. L MAG. 5** |
| RANSFORD ACKAH<br>NATHANIEL DOMINICK<br>ODELL GRIGGS<br>DEVIN HEBERT<br>RAYNEL LEWIS<br>ADRIAN MACK<br>MAURICE PALMER<br>DERRICK WARD | *<br><br>*<br><br>*<br><br>*<br><br>* | VIOLATION: 18 U.S.C. § 2197 |

\* \* \*

The Grand Jury charges that:

### COUNTS 1 THROUGH 8
### (Unlawful receipt or possession of federal certificate, license, or document)

A. **AT ALL TIMES MATERIAL HEREIN:**

1. The United States Coast Guard was an agency of the United States government charged with, among other things, the superintendence of the U.S. Merchant Marine. In executing this responsibility, the Coast Guard prescribed regulations and developed policy to ensure that maritime vessels were safely manned with qualified and competent mariners.

2.  The United States Coast Guard's governmental functions, as authorized by federal statutes and regulations ("federal law"), included, among other things, the administration, regulation, and enforcement of the regulations and laws relating to the issuance of merchant mariner credentials ("MMCs") and related endorsements, including the applications and examinations associated with MMCs and endorsements.

3.  Under federal law, all mariners employed aboard United States merchant vessels greater than 100 gross registered tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular endorsements added to their MMCs.

4.  In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States.

5.  Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which the mariner lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which the mariner lacked the required endorsement.

6.  Endorsements were generally divided into two categories: rating endorsements and officer endorsements. Rating endorsements related to lower-level positions on vessels, such as able seaman and qualified member of the engine department. Officer endorsements related to the higher- and highest-level positions on vessels, and included, among other positions, the following:

(a) *master* (also known as the captain, the officer having command of a vessel and is ultimately held responsible for the safety of the crew, vessel, cargo and all aspects of the vessel's operation);

(b) *chief mate* (the officer in charge of the deck department, typically responsible for, among other things, navigation, keeping watch of the bridge, cargo, stability calculations, being the medical person in charge, and assuming command of the vessel if the master is unable to fulfill the master's duties);

(c) *second mate* (second only to the chief mate in the deck department, typically responsible for, among other things, being the navigation officer, voyage plans, keeping watch of the bridge, and maintaining lifesaving equipment);

(d) *third mate* (typically responsible for, among other things, navigation, keeping watch of the bridge, and maintaining fire safety equipment);

(e) *chief engineer* (the officer in charge of the engine department, typically responsible for, among other things, all operations and maintenance having to do with engineering and mechanical equipment throughout the ship);

(f) *first assistant engineer* (second only to the chief engineer in the engine department, typically responsible for, among other things, the upkeep of machinery, the manning and supervision of the engine room, and keeping watch of the engine room);

(g) *second assistant engineer* (typically responsible for, among other things, keeping watch of the engine room, being in charge of transferring fuel, fuel operations, and fuel oil purifier, and overseeing a particular area of the engine department such as generators or boilers);

(h) *third assistant engineer* (typically responsible for, among other things, keeping watch of the engine room, and overseeing generators, the sewage system, and lube oil purifier).

7. For many endorsements, federal law required mariners to pass United States Coast Guard-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at United States Coast Guard regional exam centers. One such regional exam center, known as REC New Orleans, was located in Mandeville, Louisiana, in the Eastern District of Louisiana. United States Coast Guard employees at the regional exam centers entered the scores into a United States Coast Guard computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

8. In some situations, passing an examination for one endorsement could enable a mariner to obtain one or more additional endorsements. This could occur, for example, if the examination fulfilled a requirement for an additional endorsement or if obtaining the tested-for endorsement fulfilled a requirement for an additional endorsement.

9. Dorothy Smith was employed by the United States Coast Guard as a credentialing specialist at REC New Orleans until in or about August 2019. In that position, Dorothy Smith's duties included, among other things, processing merchant mariner credential applications. As a credentialing specialist, Dorothy Smith was also authorized to perform the duties of an examination administrator, a lower-level position than credentialing specialist. These examination administrator duties included, among other things, proctoring examinations, entering examination

4

scores in a United States Coast Guard computer system, and reporting examination results to a United States Coast Guard office that issued endorsements.

10. Each of the following individuals was a credentialed mariner who applied for an officer-level endorsement to his MMC and who requested, either directly or through one or more intermediaries, that false examination module scores be entered in support of his application: **RANSFORD ACKAH, NATHANIEL DOMINICK, ODELL GRIGGS, DEVIN HEBERT, RAYNEL LEWIS, ADRIAN MACK, MAURICE PALMER, and DERRICK WARD.**

11. On or about each of the below-listed dates, at REC New Orleans, Dorothy Smith, falsely reported to the United States Coast Guard that each below-indicated credential applicant had passed an examination required for an officer-level endorsement and had achieved certain passing module scores, all of which caused, and was essential to, the credential applicant's receipt of the endorsement:

| DATE | APPLICANT |
|---|---|
| 1/15/2015 | MAURICE PALMER |
| 2/5/2015 | ODELL GRIGGS |
| 3/11/2015 | RAYNEL LEWIS |
| 4/22/2015 | DEVIN HEBERT |
| 10/15/2015 | NATHANIEL DOMINICK |
| 11/18/2015 | MAURICE PALMER |
| 3/25/2016 | RANSFORD ACKAH |
| 3/9/2017 | RANSFORD ACKAH |
| 3/31/2017 | DERRICK WARD |
| 5/26/2017 | ODELL GRIGGS |
| 7/21/2017 | MAURICE PALMER |
| 3/23/2018 | DEVIN HEBERT |
| 4/19/2019 | ADRIAN MACK |

B. **RECEIPT AND POSSESSION OF A CERTIFICATE, LICENSE & DOCUMENT:**

During the time periods indicated below, in the Eastern District of Louisiana and elsewhere, each below-named defendant did knowingly, intentionally, and willfully receive and possess merchant mariner credentials and endorsements, to which said defendant was not lawfully entitled, with the intent to unlawfully use said credential and endorsement.

| COUNT | DEFENDANT | BEGINNING ON OR ABOUT | CONTINUING UNTIL ON OR ABOUT |
|---|---|---|---|
| 1 | RANSFORD ACKAH | 3/25/2016 | 3/10/2020 |
| 2 | NATHANIEL DOMINICK | 10/15/2015 | 7/1/2020 |
| 3 | ODELL GRIGGS | 2/5/2015 | 10/20/2020 |
| 4 | DEVIN HEBERT | 4/22/2015 | 4/21/2021 |
| 5 | RAYNEL LEWIS | 3/11/2015 | 8/11/2020 |
| 6 | ADRIAN MACK | 4/19/2019 | 8/14/2019 |
| 7 | MAURICE PALMER | 1/15/2015 | 3/5/2020 |
| 8 | DERRICK WARD | 3/31/2017 | 4/2/2021 |

All in violation of Title 18, United States Code, Section 2197.

A TRUE BILL:

FOREPERSON

DUANE A. EVANS
UNITED STATES ATTORNEY

CHANDRA MENON
Assistant United States Attorney

New Orleans, Louisiana
November 18, 2021

FORM OBD-34

No. _____

UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

THE UNITED STATES OF AMERICA

vs.

RANSFORD ACKAH
NATHANIEL DOMINICK
ODELL GRIGGS
DEVIN HEBERT
RAYNEL LEWIS
ADRIAN MACK
MAURICE PALMER
DERRICK WARD

INDICTMENT

FOR
UNLAWFUL RECEIPT
OR POSSESSION OF FEDERAL
CERTIFICATE, LICENSE, OR DOCUMENT

VIOLATION: 18 U.S.C. § 2197

A true l

Filed in open court this _____ day of _____, A.D. 2021.

_____
Clerk

Bail, $ _____

CHANDRA MENON
Assistant United States Attorney